## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER SIRMONS, JR., | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO.   25-4730 |
| | : | |
| BERKS COUNTY PA COUNTY JAIL | : | |
| ADMINISTRATION, | : | |
| **Defendant.** | : | |

## MEMORANDUM

**MURPHY, J.**                                                          **October 27, 2025**

Plaintiff Christopher Sirmons, Jr., a convicted inmate, filed this *pro se* civil rights action

under 42 U.S.C. § 1983, naming the Berks County PA County Jail Administration[1] as the sole

defendant.  *See* DI 3.  Mr. Sirmons seeks leave to proceed *in forma pauperis*.  *See* DI 1 & 2.  For

the following reasons, the court will grant Mr. Sirmons leave to proceed *in forma pauperis* and

dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I.     FACTUAL ALLEGATIONS[2]

Between December 2008 and July 2009, Mr. Sirmons was an inmate at BCCF.[3]

DI 3 at 2.  Mr. Sirmons claims that, while he was detained there, "female friends and children['s]

mothers" who contacted Mr. Sirmons through the mail were "pulled into" the jail and held

against their will in shelter pods on the roof of the jail.  *Id.*  Mr. Sirmons maintains that the

---

[1] The Court understands Mr. Sirmons to refer to the Berks County Correctional Facility ("BCCF") and/or its administrative personnel.

[2] The factual allegations are taken from the Complaint. The court adopts the pagination supplied by the CM/ECF docketing system.  Grammar, spelling, and punctuation errors are cleaned up where necessary.

[3] Mr. Sirmons is now confined at SCI Camp Hill in Pennsylvania.

women were forced to engage in sexual acts and walk through the jail undressed "[throughout] the third shift hours." *Id*. He alleges that the women were forced to have sex with inmates. *Id*. at 2-3. He claims that the security officers transferred Mr. Sirmons off the residential unit into the medical unit to keep him from learning about what was occurring. *Id*. In the medical unit, another inmate told him that security officers had been walking across the roof "for days in and out of shelter pods with large sex toys and portable cameras." *Id*. at 3. Mr. Sirmons claims that he then realized why he had heard noises from the roof before he was moved to the medical unit. *Id*.

## II.    STANDARD OF REVIEW

The court will grant Mr. Sirmons leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss the complaint if, among other things, the complaint is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[4] Because Mr. Sirmons is currently incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr. Sirmons is proceeding *pro se*, the court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## IV.    DISCUSSION

### A.  Factually Frivolous

Mr. Sirmons's entire action rests on his allegations that his "female friends and children['s] mothers" were imprisoned in shelter pods on the roof of BCCF. DI 3 at 2. He claims that they were forced to walk around undressed and engage in sexual acts with inmates. *Id*. at 2-3. These allegations "rise to the level of the irrational or wholly incredible[,]" *Denton*, 504 U.S. at 32, and are appropriately dismissed as frivolous pursuant to 28 U.S.C. 1915(e)(2)(B)(i) because they lack a basis in fact. *Jones v. Kent Cnty. Superior Ct., Delaware*, 767 F. App'x 225, 226 (3d Cir. 2019) (*per curiam*) (affirming dismissal of action as frivolous where plaintiff alleged "identity thieves working as judges and on the police force" committed or facilitated murder, kidnapping, and sex trafficking) (internal quotations omitted); *Robinson v. Love*, 155 F.R.D. 535, 536 (E.D. Pa. 1994) (dismissing as frivolous plaintiff's complaint alleging that prison staff members held his friends, neighbors, and relatives hostage); *Frazier v. Southwoods State Prison*, No. 06-0096, 2006 WL 1044451, at *1 (D.N.J. Apr. 17, 2006)

(dismissing as frivolous plaintiff's action alleging that judge conspired with prison dentist to place a tracking device in inmate's tooth to "play with Plaintiff's head" (cleaned up)).

### B. Claims Against BCCF

There are additional problems with Mr. Sirmon's complaint. Mr. Sirmons alleges violations of his rights under the Eighth, Thirteenth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. DI 3 at 4. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Mr. Sirmons names the BCCF (and/or its administrative personnel) as the defendant in this action, but BCCF is not a proper defendant. A jail or correctional facility is not a "person" under § 1983. *Edwards v. Bucks Cty. Corr. Facility*, No. 19-4923, 2019 WL 5579486, at *2 (E.D. Pa. Oct. 29, 2019) ("Bucks County Correctional Facility is not an entity susceptible to suit under § 1983."). In addition, to the extent he attempts to name a prison official, he has not alleged the personal involvement of any official in an action that violated his constitutional rights. *Rode*, 845 F.2d at 1207. Accordingly, the claims alleged against BCCF and its administrative personnel cannot proceed.[5] *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010).

---

[5] Even if Mr. Sirmons had named a proper defendant, any constitutional claim alleged pursuant to § 1983 would still fail because it would be time-barred. Claims alleged under § 1983 are subject to a two-year statute of limitations. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)

### III.    CONCLUSION

For the foregoing reasons, the court will grant Mr. Sirmons's motion to proceed *in forma pauperis* and dismiss the complaint with prejudice as factually frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  No leave to amend will be granted because amendment would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

---

(explaining that the statute of limitations for § 1983 claims is governed by the personal injury tort law of the state where the cause of action arose and that Pennsylvania has a two-year statute of limitations for personal injury actions); *see also Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).  A claim accrues "when a plaintiff has a complete and present cause of action, that is, when he can file suit and obtain relief."  *Dique*, 603 F.3d at 185 (quotations omitted).  In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [her] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).  Mr. Sirmons avers that he learned of the alleged events after he was transferred to the medical unit, but he does not provide a particular date.  DI 3 at 3.  Mr. Sirmons apparently transferred out of BCCF in July 2009, so his constitutional claims accrued in July 2009 at the latest.  This lawsuit, filed in August 2025, would thus be untimely for statute of limitations purposes.